UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DARRYL FARROW et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**STATE FARM FIRE AND CASUALTY** )<br>**COMPANY et al.,** )<br>)<br>**Defendants.** ) | Case No. CIV-21-351-G |

## ORDER

Now before the Court is a Motion to Remand (Doc. No. 22) filed by Plaintiffs Darryl Farrow and Crystal Farrow. The removing parties, Defendants EFI Global, Inc., Gregory A. Horne, and Stanton Keith Smith (the "Engineering Defendants"), have responded in opposition (Doc. No. 26). Defendants Christy Norton and State Farm Fire and Casualty Company join in the Engineering Defendants' opposition to Plaintiffs' Motion to Remand. *See* Doc. No. 28. Plaintiffs have replied (Doc. No. 36). Having reviewed the parties' filings, the Court makes its determination.

*I. Background*

Plaintiffs initially filed this action in the District Court of Kingfisher County, Oklahoma, on March 31, 2021. *See* Pet. (Doc. No. 1-1). This action stemmed from State Farm Fire and Casualty Company's ("State Farm") denial of coverage following a storm in April of 2020 that allegedly damaged Plaintiffs' property. *See id.* ¶ 5. After the April 2020 storm, Plaintiffs made a claim for damages with State Farm, which was denied. *See id.* ¶ 6. Several months later, an independent engineering firm hired by State Farm, EFI

Global, Inc. ("EFI"), evaluated Plaintiffs' property and issued a report authored by Stanton Keith Smith ("Smith") denying the existence of substantial wind and hail damage. *See id.* ¶¶ 7, 11. Relying on the report, State Farm again denied Plaintiffs' claim. *See id.* ¶ 7. Plaintiffs represent that they filed their proof of loss on October 14, 2020, to which State Farm did not respond, and made a request for appraisal on February 5, 2021, which was denied. *Id.*

Plaintiffs then filed the instant lawsuit, asserting claims for breach of contract and bad faith against State Farm, fraud against Smith and State Farm, and civil conspiracy to commit fraud against State Farm, EFI, Gregory A. Horne ("Horne"), and Smith. *See id.* ¶¶ 1-12. On April 16, 2021, the Engineering Defendants removed the action to federal court on the basis of diversity jurisdiction, contending that Smith, the only non-diverse party, had been fraudulently joined. *See* Notice of Removal (Doc. No. 1) at 5-7. Plaintiffs timely moved to remand. *See* Pls.' Mot. (Doc. No. 22).

Seven days after Plaintiffs filed the Motion to Remand, Plaintiffs filed a Motion for Leave to File an Amended Complaint (Doc. No. 25). Defendants oppose this request. *See* Doc. Nos. 27, 29. As relevant to the remand motion, Plaintiffs' Proposed Amended Complaint (Doc. No. 25-1) seeks to add the following claims against Smith: tortious interference with contract, conspiracy to breach contract, conspiracy to breach the duty of good faith and fair dealing, and malicious wrong. *See* Proposed Am. Compl. ¶¶ 44-50, 65-74, 75-83, 90-96. Plaintiffs' Proposed Amended Complaint also provides more detail regarding Plaintiffs' original claims against Smith for fraud and civil conspiracy to commit fraud. *See id.* ¶¶ 137-145, 158-168.

2

## II. Diversity Jurisdiction Under 28 U.S.C. § 1332(a)

Jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the parties—i.e., the citizenship of all defendants must be different from the citizenship of all plaintiffs. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). The party or parties invoking diversity jurisdiction—here, the Engineering Defendants—have the "burden of proving [diversity jurisdiction] by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

In this case, the citizenship of the named parties is undisputed. Plaintiffs are citizens of Kingfisher County, Oklahoma; Defendant Smith is a citizen of Oklahoma; and Defendants State Farm, Norton, EFI, and Horne are citizens of states other than Oklahoma. *See* Pet. ¶¶1-3; Notice of Removal at 4. The only dispute, for purposes of Plaintiffs' Motion, is whether Smith has been fraudulently joined.

The doctrine of fraudulent joinder permits a federal court evaluating diversity jurisdiction to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (alteration and internal quotation marks omitted); *see also Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014). Where, as here, removal is premised on the second basis, the removing party must establish "[t]he non-liability of the defendant[ ] alleged to be fraudulently joined . . . with 'complete

3

certainty.'" *Hernandez*, 73 F. Supp. 3d at 1336 (quoting *Smoot v. Chi., Rock Island & Pac. R.R.*, 378 F.2d 879, 882 (10th Cir. 1967)).

"This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot*, 378 F.2d at 882 (internal quotation marks omitted). "But upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (citation and internal quotation marks omitted). "In so doing, the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Id.* Any uncertainty regarding the viability of the claims asserted against the nondiverse party—including "disputed questions of fact" and "ambiguities in the controlling law"—must be resolved in favor of remand. *Montano v. Allstate Indem.* No. 99-2225, 2000 WL 525592, at *2 (10th Cir. Apr. 14, 2000) (internal quotation marks omitted); *accord Dutcher*, 733 F.3d at 988.

III. Discussion

Plaintiffs assert claims of fraud and conspiracy to commit fraud against Defendant Smith. *See* Pet. ¶¶ 11, 12. The Engineering Defendants argue that these claims fail for two reasons: (1) Oklahoma law bars tort liability of an insurance company's independent adjuster, per *Trinity Baptist Church v. Brotherhood Mutual Insurance Services, LLC*, 341 P.3d 75 (Okla. 2014); and (2) Plaintiffs' allegations of fraud against Smith fail to satisfy

the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See* Defs.' Resp. (Doc. No. 26) at 3. Plaintiffs object that *Trinity Baptist* does not bar their claims against Smith and that Plaintiffs have pled those claims with particularity in the Petition. *See* Pls.' Mot. at 14. Additionally, Plaintiffs represent that even if the Court finds that Plaintiffs' claims against Smith as alleged in the Petition are insufficient, the Court may consider their Proposed Amended Complaint in determining whether Smith was indeed fraudulently joined. *See id.* at 25.

> A. <u>Whether and to What Extent the Court May Consider Plaintiffs' Proposed Amended Complaint in Evaluating Fraudulent Joinder</u>

Plaintiffs argue that "the Court may consider the [Proposed] Amended [Complaint] in determining whether [Plaintiffs] may possibly state a cause of action for fraud and conspiracy to commit fraud" against Smith. Pls.' Mot. at 25.[1] In support of this contention, Plaintiffs cite *Lopez v. Continental Tire North America, Inc.*, No. CIV-17-477, 2018 WL 2560332 (N.D. Okla. June 4, 2018), and *Nerad*, 203 F. App'x 911. *See* Pls.' Mot. at 25.

---

[1] Federal Rule of Civil Procedure 15(a)(2) instructs that leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts "generally refuse leave to amend only on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). Defendants oppose the proposed amendment to Plaintiffs' fraud claim against Smith, arguing that (1) the motion is untimely, (2) amendment is futile due to *Trinity Baptist*'s bar of tort claims against independent adjusters, and (3) the fraud claim is still not pled with particularity. *See* Doc. No. 27, at 6-12. Although Plaintiffs' Motion to Amend is not presently at issue, the Court notes, as explained in this Order, that Plaintiffs' fraud allegations in the Proposed Amended Complaint raise a colorable claim under state law under the standards of review applicable here on a motion to remand. Additionally, whether to deny a motion to amend for untimeliness alone is within the discretion of the Court. *See Frank*, 3 F.3d at 1366.

5

In *Nerad*, the Tenth Circuit Court of Appeals implicitly approved[2] a district court's consideration of a proposed amended pleading in determining whether a non-diverse defendant was fraudulently joined. There, the Court reasoned that "[a]lthough the [district] court considered whether future amendments might allow [the plaintiff] to state his claims with sufficient particularity to satisfy Fed. R. Civ. P. 9(b), it did so only in order to determine whether there was a possibility that the non-diverse party could be liable to the plaintiff in state court." *Nerad*, 203 F. App'x at 914 (internal quotation marks omitted). Following the Tenth Circuit's reasoning in *Nerad*, a judge of this Court found no fraudulent joinder when the plaintiff's "amended complaint [set] forth considerably more specific factual allegations as to the basis for the asserted claims against [the non-diverse defendant]." *Asbury v. N. Star Mut. Ins. Co.*, No. CIV-14-1331-HE, 2015 WL 588607, at *1 (W.D. Okla. Feb. 11, 2015).

It is unsettled, however, whether this principle extends to a proposed amendment that would add an entirely new claim. In *Lopez*, a fellow district court found it proper to consider, in evaluating fraudulent joinder, a proposed amended complaint that added new claims against the previously named non-diverse defendants. The court found that because such defendants were named in the original pleading and alleged therein to be connected to the events at issue, "the proposed amendments are directed more toward the inclusion of proper claims against existing Defendants, rather than to the exclusion of federal

---

[2] The Tenth Circuit ultimately concluded that because the remand was ordered pursuant to 28 U.S.C. § 1447(c) upon the district court's finding of a lack of subject-matter jurisdiction, the remand was unreviewable on appeal pursuant to 28 U.S.C. § 1447(d). *See Nerad*, 203 F. App'x at 914.

6

jurisdiction by the introduction of a completely new non-diverse defendant." *Lopez*, 2018 WL 2560332, at *4 (internal quotation marks omitted). Other district courts within the Tenth Circuit have declined to consider potential new claims when evaluating fraudulent joinder, concluding that *Nerad*'s holding is narrow and addresses only the amendment of existing claims. *See Hicks v. FG Mins. LLC*, No. CIV-19-203-TDD, 2020 WL 2104928, at *5 (E.D. Okla. May 1, 2020) ("The general proposition from *Nerad* is that a district court can consider an amended pleading that restates or amplifies a claim that existed at the time of removal. But here, Plaintiff is attempting to manufacture new claims."); *Baca v. ACE Am. Ins. Co.*, No. CIV-15-0151, 2016 WL 10538192, at *4 (D.N.M. Apr. 15, 2016) ("[T]he Court will not extend *Nerad* to consider claims [the plaintiff] *might* have brought against [the non-diverse defendant] but failed to expressly include in her complaint.").

The Court follows this narrower application of *Nerad*: that the Court may consider amendments that restate or amplify a claim that existed at the time of removal but not ones that would add new claims or new defendants. *See Hicks*, 2020 WL 2104928, at *5; *Nerad*, 203 F. App'x at 914. Accordingly, the Court will consider only Plaintiffs' proposed amendments to the existing claims of fraud and civil conspiracy to commit fraud against Smith in determining whether Smith was fraudulently joined.

B. <u>Viability of the Tort Claims Against Smith Under *Trinity Baptist*</u>

In *Trinity Baptist*, the Oklahoma Supreme Court held that because an independent insurance adjuster acting on behalf of an insurer does not owe a duty of care to the insured, a plaintiff cannot state a negligence claim against the adjuster. *See Trinity Baptist Church*, 341 P.3d at 84-86. Defendants contend that *Trinity Baptist*'s holding has been construed

to foreclose a plaintiff's ability to pursue tort claims against an independent engineer such as Smith. *See* Defs.' Resp. at 4 (citing *MM Prop. Holdings, LLC v. Cont'l Cas. Co.*, No. CIV-17-964-C (W.D. Okla. Oct. 26, 2017) (mem. op. & order)); Notice of Removal at 6-7.

Plaintiffs argue that *Trinity Baptist*'s holding does not bar all tort liability of an independent adjuster but concerns negligence claims only, explaining "the lack of duty which excuses adjustors from liability under [*Trinity Baptist*] does not apply to claims for fraud." Pls.' Mot. at 18. Supportive of this view, a district court within the Tenth Circuit has declined to extend *Trinity Baptist*'s holding to the tort of intentional infliction of emotional distress. *See Johnson v. State Farm Fire & Cas. Co.*, No. CIV-19-250, 2019 WL 5388521, at *4 (N.D. Okla. Oct. 22, 2019). There, the court stated:

> It seems unlikely that the Oklahoma Supreme Court intended such a sweeping grant of immunity, as it would give adjusters free rein to engage in underhanded tactics during the adjustment process. This is not to say that *Trinity Baptist* is wholly irrelevant to the present case; Oklahoma courts might someday extend *Trinity Baptist* to bar IIED claims against adjusters. They have not done that yet, however, and it is not for this Court to do so in their stead.

*Id.*

The Court finds this reasoning persuasive. Neither the plain holding nor the controlling principle of *Trinity Baptist* (an absence of legal duty) appears to bar a claim of fraud, or for that matter civil conspiracy to commit fraud, against an independent engineer like Smith.[3] Moreover, "[i]n evaluating fraudulent joinder claims, [the Court] must initially

---

[3] Federal district courts, including this one, have held that *Trinity Baptist*'s holding applies to bar negligence claims against independent engineers and appraisers, not just independent

8

resolve . . . all ambiguities in the controlling law in favor of the non-removing party." *Montano*, 2000 WL 525592, at *2 (internal quotation marks omitted).  Accordingly, in the absence of controlling Oklahoma state law extending the *Trinity Baptist* holding to tort claims generally, or fraud claims specifically, the Court rejects the proposition that *Trinity Baptist* renders nonviable Plaintiffs' claims for fraud and conspiracy to commit fraud against Smith, such that those claims should be disregarded in evaluating fraudulent joinder.

    C.  <u>Viability of the Fraud Claims Against Smith Under Rule 9(b)</u>

The Engineering Defendants also argue that Plaintiffs' allegations of fraud fail to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b).  Defs.' Resp. at 7-11.  Specifically, Defendants contend that Plaintiffs have not, in either the Petition or Proposed Amended Complaint, alleged that they detrimentally relied on Smith's allegedly fraudulent report.  *See id.* at 9-11.

Federal Rule of Civil Procedure 9(b) requires that in alleging fraud or mistake, a party must state the circumstances constituting fraud or mistake with particularity.  *See*

---

adjustors.  *See Faith Temple, Inc. v. Church Mut. Ins. Co.*, No. CIV-20-13-G, 2020 WL 4274582, at *4 (W.D. Okla. July 24, 2020); *Hightower v. USAA Cas. Ins. Co.*, No. CIV-16-274, 2017 WL 1347689, at *2 (N.D. Okla. Apr. 7, 2017).  In *Faith Temple,* this Court observed that the plaintiff could not articulate a basis for the independent engineer's legal duty to the plaintiff.  *See Faith Temple*, 2020 WL 4274582, at *4.  The Court concluded that "'[g]iven the existence of [the insurer's] legal duty to [the insured], it would be fundamentally unfair to permit [the insured] to potentially recover from both [the insurer and the independent engineer] for [the engineer's] allegedly negligent conduct.'"  *Id.* (quoting *Hightower*, 2017 WL 1347689, at *2).

Fed. R. Civ. P. 9(b).[4]  "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud, and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements[,] and the consequences thereof." *U.S. ex rel. Sikkenga v. Regence BlueCross BlueShield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006) (internal quotation marks omitted), *abrogated on other grounds by Cochise Consultancy, Inc. v. U.S. ex rel. Hunt*, 139 S. Ct. 1507 (2019). In evaluating whether a claim for fraud has been pled with particularity as required by Rule 9(b), the Court accepts "as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the non-moving party." *Id.* at 726.

A review of Plaintiffs' initial pleading confirms that Plaintiffs do not allege that they relied on the alleged material misrepresentations of Defendant Smith to their detriment. *See* Pet. ¶ 11.  Left alone, this omission would be fatal to Plaintiffs' claim for fraud against Smith. *See Bowman v. Presley*, 212 P.3d 1210, 1217-18 (Okla. 2009) (listing elements of fraud, including that the plaintiff "relied on [an assertion] by the other party to his (or her) own detriment").  But Plaintiffs in the Proposed Amended Complaint expressly assert detrimental reliance and allege additional facts in support of that assertion. *See* Proposed Am. Compl. ¶¶ 137-145.  Specifically, Plaintiffs allege that on August 17, 2020, Smith issued a false Roofing Report denying the existence of substantial hail, wind, and water

---

[4] The Court evaluates Plaintiffs' pleading under Federal Rule of Civil Procedure 9(b). *See Jonnada v. Liberty Ins. Corp.*, No. CIV-19-456-D, 2019 WL 6119233, at *4 (W.D. Okla. Nov. 18, 2019); *Nerad*, 203 F. App'x at 914.  Oklahoma state law also requires that claims of fraud be pled with particularity, however. *See* Okla. Stat. Ann. tit. 12, § 2009(B).

10

damage to Plaintiffs' property on the date of claim. *See id.* ¶¶ 140-144. Plaintiffs allege that Smith made these false and material representations knowingly and intending that Plaintiffs rely and act upon them. *See id.* Plaintiffs allege that they justifiably relied on Smith's misrepresentations to determine the extent of damage to their property to their detriment. *See id.* In light of these additional allegations, the Court concludes that Plaintiffs' fraud claim against Smith, as set forth in their Proposed Amended Complaint, appears to satisfy the requirements of Rule 9(b) by "sett[ing] forth the time, place, and contents of the false representation, the identity of the party making the false statements[,] and the consequences thereof." *U.S. ex rel. Sikkenga*, 472 F.3d at 726-27 (internal quotation marks omitted).[5]

### D. Conclusion

At this stage, "[t]he Court need not determine whether Plaintiff[s] can ultimately prove that [Smith] [is] liable, or even whether their proposed claims satisfy the *Twombly* plausibility standard." *Lopez*, 2018 WL 2560332, at *5; *see also Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) ("[A] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."). It is sufficient to find, as the Court does here, that

---

[5] Because the Court has concluded that there is a reasonable basis to believe Plaintiffs might succeed as to their claim for fraud against Smith, the Court need not analyze the viability of Plaintiffs' claim for conspiracy to commit fraud against Smith. *See Nerad*, 203 F. App'x at 913 ("[T]he court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant.").

11

Plaintiffs' fraud claim appears to have "a basis in the alleged facts and the applicable law." *Nerad*, 203 F. App'x at 913.[6]

Upon review of the allegations regarding Plaintiffs' fraud claim against Smith contained in Plaintiffs' Proposed Amended Complaint, the Court concludes that Defendants have not satisfied their burden of establishing the non-liability of Smith "with complete certainty." *Hernandez*, 73 F. Supp. 3d at 1336 (internal quotation marks omitted). Therefore, the Court may not disregard the citizenship of Smith in assessing whether diversity jurisdiction exists under 28 U.S.C. § 1332(a).

## CONCLUSION

For the reasons set forth above, the Court:

(1) concludes that there is not complete diversity of parties as required to establish jurisdiction under 28 U.S.C. § 1332(a) and, therefore, GRANTS Plaintiffs' Motion to Remand (Doc. No. 22);

(2) REMANDS this matter to the District Court for Kingfisher County, Oklahoma; and

---

[6] The Engineering Defendants argue that Plaintiffs' allegations that they relied on Smith's representations in his report are "both internally inconsistent with the Amended Complaint and counterfactual to the facts surrounding the loss" because Plaintiffs later disputed State Farm's coverage decision. *See* Defs.' Resp. at 10-11. The Court does not reach this argument. Again, the question before the Court is not whether Plaintiffs have plausibly stated a fraud claim against Smith or whether Plaintiffs may ultimately prove that claim, but whether the fraud claim as alleged in the Proposed Amended Complaint has "a basis in the alleged facts and the applicable law." *Nerad*, 203 F. App'x at 913. *See also Montano*, 2000 WL 525592, at *2 (stating that "disputed questions of fact" and "ambiguities in the controlling law" must be resolved in favor of remand); *Smoot*, 378 F.2d at 882 (instructing that when considering a motion to remand, the court must not "pre-try, as a matter of course, doubtful issues of fact to determine removability").

(3) DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 31st day of March, 2023.

_____
CHARLES B. GOODWIN
United States District Judge